UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EAGLE NATION CYCLES, et al.,

        Plaintiffs,

v.                                                    Case No. 14-C-1503

CITY OF NEENAH, et al.,

        Defendants.

## ORDER DISMISSING ACTION

Plaintiffs commenced this action on December 2, 2014, with the filing of a 16-page, 91-paragraph complaint alleging that the City of Neenah, Winnebago County, a state judge, the City's police department, its chief and one of its officers violated their constitutional rights and caused them physical and emotional injury, and loss of consortium, society and companionship. A motion to dismiss the judge was granted when Plaintiffs failed to respond, and a scheduling order was entered on February 5, 2015, directing the parties to complete all discovery by December 1, 2015. On November 13, 2015, the remaining Defendants filed a motion to dismiss the action for failure to prosecute, citing the Plaintiffs' failure to appear for noticed depositions and to otherwise communicate with the Defendants. For the reasons that follow, defendants' motion will be granted.

According to the Defendants, on October 8, 2015, a paralegal for their law firm emailed Plaintiff's counsel for a third time, seeking dates appropriate for taking the Plaintiffs' depositions. (ECF No 22-9.) Noting the pending December 1 discovery deadline, the email stated that the depositions would be scheduled unilaterally if the Plaintiffs did not provide acceptable dates.

Plaintiff's counsel did not respond to that email, nor any others. On October 26, the paralegal sent to Plaintiff's counsel, by mail and email, notices of depositions set for November 5. Neither Plaintiffs nor their attorney appeared at those depositions.

In response to the motion to dismiss, Plaintiffs' counsel states that he made several attempts during the summer of last year to arrange meetings with Defendants' counsel. He also states that the Defendants knew that his clients are disabled and would have great difficulty attending depositions in the Milwaukee area. Finally, he states that he received notices of the depositions late because they were sent to an old office address, despite the fact that he had alerted opposing counsel to his change of address when he moved in June 2015.

The Defendants sharply dispute these allegations. Attorney John Wolfgang has filed an affidavit indicating that his law firm has searched its records and found no evidence that (1) Plaintiffs' counsel contacted it over the summer to arrange meetings; (2) counsel told anyone that the Plaintiffs were unable to travel; or (3) counsel told anyone about the change in his firm's address. (ECF No. 28.) Notably, counsel did not inform the court about any change of address, even now. In contrast with the bare assertions made by Plaintiffs' counsel, the affidavit from Defendants' counsel is a comprehensive rebuttal, which must be credited over the unsupported assertions of Plaintiffs' attorney.

Even if Plaintiffs' counsel were believed, however, it is undisputed that Plaintiffs' counsel failed to respond to three attempts to schedule depositions and then failed to appear once the depositions were finally scheduled. Importantly, the Defendants note that the notices were not only mailed to his office address but *emailed* to counsel personally, and so it does not make sense to pin the blame on the fact that the Plaintiffs' counsel changed his physical office address. (Not to

2

mention the fact that mail is generally automatically forwarded to new addresses.) Neither does it explain why counsel failed to respond to any of the emails seeking dates to schedule depositions. The unexplained failure to appear, which followed the unexplained failure to respond to three attempts to schedule the depositions, makes it difficult to believe that Plaintiffs' counsel ever alerted defense counsel to any potential difficulties relating to travel or other scheduling matters. If these assertions were true, it would have been sensible and simple enough to respond to the requests to schedule the depositions rather than to ignore them.

Although the Defendants do not raise the issue, I cannot avoid noting that the allegations they raise do not appear to be isolated incidents. A review of PACER indicates that Plaintiffs' counsel has appeared in four federal cases in this district, and three of them (now including this one) involve failures to follow rules. In one of the cases, which was recently before this court, counsel failed to respond to a motion for summary judgment, leaving the facts undisputed and leaving his client no chance to win. (No. 13-C-1314, ECF No. 32.) After dragging the defendants through more than a year and one-half of litigation in which they were alleged to have terminated the plaintiff due to her race—among the most serious allegations leveled in today's society—Plaintiff's counsel did not even respond to a properly supported and briefed summary judgment motion. In another case, this one before Magistrate Judge Callahan, Plaintiff's counsel failed to follow local rules requiring proposed findings of fact, and also failed to file a response to the Defendants' proposed filings. (No. 13-C-804, ECF No. 53 at 2-4.) Judge Callahan observed that "The plaintiffs must bear the consequences of their failure to properly respond to the defendants' summary judgment submissions and, thus, any fact not properly disputed by the plaintiffs is construed as an admission of the defendants' proposed findings of fact for the purposes of the defendants' motion." (*Id.* at 2.) It is

3

therefore unfortunately evident that counsel's failure to respond—to emails, motions, letters, notices, etc.—has become a pattern.

Rule 41(b) of the Federal Rules of Civil Procedure provides that dismissal on the merits is an appropriate adjudication when a plaintiff has failed to prosecute and / or comply with the rules of procedure. In addition, Rule 37(d)(1)(A) authorizes the court to impose sanctions, including dismissal and costs, upon on a party and his attorney for failure to appear at the party's properly noticed deposition. In this case, dismissal is warranted not least because the undisputed failures to communicate appear to have been an almost reckless affront to normal procedures and good faith. Litigation is not something to be conducted casually. Even the mere filing of a lawsuit can affect someone's reputation, and definitely affects their pocketbook. Here, the Plaintiffs have alleged that City officers and employees have abused their authority so as to violate their civil rights and cause them severe harm. Allegations such as these not only damage the reputation of the individual defendants named in the suit, but also undermine the trust and confidence of the public that the City and its police department must have if they are to effectively carry out their duties. A party cannot simply lodge allegations of this nature against city officers and employees and then deny them the opportunity to timely discover the evidence on which they are based so they can obtain a prompt disposition of them in court. Meaningful participation in the discovery process is not too much to ask, particularly when that process was initiated by counsel's decision to file a lawsuit in the first place. Attorneys who approach litigation as though it is something to be undertaken haphazardly do so at their own risk.

In addition, the Defendants seek costs and fees incurred in preparing for the deposition and in preparing the motion to dismiss. (ECF No. 28, ¶ 10-13.) I conclude that $1,500, or roughly half

4

Case 1:14-cv-01503-WCG   Filed 01/20/16   Page 4 of 5   Document 31

of the costs and fees sought, should be borne by Plaintiffs, given that the Defendants did recognize some savings stemming from this dismissal. Moreover, because the fault seems to lie with the attorney for Plaintiffs instead of them directly, he is to pay the entire amount assessed. Fed. R. Civ. P. 37(d)(3).

The motion to dismiss is **GRANTED**, and the case will be dismissed with prejudice. Counsel for Plaintiffs shall pay Defendants $1,500 in costs and attorney's fees. The clerk will enter judgment accordingly.

**SO ORDERED** this 20th day of January, 2016.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court