UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EAGLE NATION CYCLES, et al.,

        Plaintiffs,

   v.                                     Case No. 14-C-1503

CITY OF NEENAH, et al.,

        Defendants.

**ORDER DENYING MOTION TO AMEND JUDGMENT**

On January 20, 2016, this court dismissed this action, citing Plaintiffs' attorney's repeated failures to communicate and participate in discovery. The Plaintiffs, with new counsel, have filed a motion to alter the judgment. For the reasons given below, the motion will be denied.

The two central issues are whether the Plaintiffs should have received a warning and whether dismissal was too harsh a sanction. In some cases, where a party engages in a pattern of dilatory or sanctionable conduct, a judge will issue a warning threatening dismissal as a means of coercing better behavior in the future. In other cases, particularly where the plaintiff is *pro se*, a warning alerts that party to the seriousness of following the rules. *See, e.g., Schilling v. Walworth Cty. Park & Planning Comm'n,* 805 F.2d 272, 276 (7th Cir. 1986) (finding an abuse of discretion for district judge to dismiss case *sua sponte*, without warning, based on single missed appearance). Either way, there is no blanket requirement to warn a party before dismissal. "Leaving the decision to the district courts ensures that dilatory tactics are sanctioned appropriately. The prejudice incurred by a delay in one case may far outweigh that caused in another. Were district courts required to warn

litigants before dismissing a case, we would in effect be granting each litigant one opportunity to disregard the court's schedule without fear of penalty regardless of the harm done to other litigants." *Fischer v. Cingular Wireless, LLC,* 446 F.3d 663, 665 (7th Cir. 2006).

But this is not a warning case. In the typical case addressing warnings, the judge has dismissed the case *sua sponte*, i.e., on his or her own accord, with or without providing a warning that dismissal was in the cards. *See, e.g., Williams v. Combined Ins. Co. of Am.,* 84 F. App'x 660, 662 (7th Cir. 2003) ("Williams missed only a single deadline set by the district court, and the district court promptly dismissed the case only seven days later."); *Matter of Bluestein & Co.,* 68 F.3d 1022, 1027 (7th Cir. 1995) ("Where an order of dismissal for lack of prosecution would reasonably come as a surprise to counsel, due warning should precede its entry sua sponte."); *Cohen v. Hoyer,* 32 F. App'x 755, 760 (7th Cir. 2002) (noting the court's "disinclination for sua sponte dismissals without discussion with the party to be dismissed.") Here, by contrast, the Defendants filed a motion seeking dismissal on the basis of the Plaintiffs' discovery violations and failures to communicate. That motion, in effect, *was* the warning—the salvo that tipped the Plaintiffs off that their conduct could result in serious consequences to their ability to continue with their case. They briefed the motion, thus receiving a full and fair opportunity to present their side of things. To have required a "warning" to be issued under those circumstances would mean dismissal is always off the table for the first violation, no matter how severe. *Craig v. S. Illinois Riverboat/Casino Cruises, Inc.,* No. 08-CV-38-DRH, 2009 WL 2567905, at *5 (S.D. Ill. Aug. 19, 2009) ("in the case at bar, the dismissal was not *sua sponte*, but pursuant to Defendants' timely filed Motions to Dismiss. Plaintiff cannot reasonably claim 'surprise' under those circumstances.") In sum, either the conduct at issue was deserving of dismissal or it was not: the motion was based on *past* conduct, and so the

issuance of a "warning" would have served no purpose.

That leaves the question of whether the penalty of dismissal was too harsh, given the fact that there is no indication the individual Plaintiffs were blameworthy. As the Seventh Circuit has recognized, "[t]he Supreme Court made clear in *Link* that dismissal for failure to prosecute is an appropriate sanction for lawyers' delays and defaults even if the plaintiff is blameless; the sins of the agent can be visited upon the principal." *Ball v. City of Chicago,* 2 F.3d 752, 756 (7th Cir. 1993).

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

*Link v. Wabash R. Co.,* 370 U.S. 626, 633-34 (1962).

That the sanction *may* be visited upon the parties individually does not mean such a result is always advisable, or even proper. *Ball,* 2 F.3d at 758. Here, however, the dismissal order focused on the prejudice to the Defendants, whom the complaint accused of very serious misconduct. "Even the mere filing of a lawsuit can affect someone's reputation . . . Allegations such as these not only damage the reputation of the individual defendants named in the suit, but also undermine the trust and confidence of the public that the City and its police department must have if they are to effectively carry out their duties." (ECF No. 31 at 4.) Our legal system allows individual citizens to level allegations against government officials and to make such officials answer the charges in court, and to do so without fear of reprisals. But in exchange, such a citizen and his counsel should

3

expect a vigorous defense that will require their full cooperation and an exchange of information, so that the defendants can defend themselves and their reputations—win or lose. In other words, one should not casually accuse another of serious misconduct. Here, I concluded that the Defendants had been through enough, and that dismissal was therefore warranted. *Ball,* 2 F.3d at 759 ("Defendants are not second-class citizens in our courts. . . . A protracted lawsuit ties up the defendant's time and prolongs the uncertainty and anxiety that are often the principal costs of being sued.")

In the dismissal order, I also suggested that the merits of the complaint, which had named a judge as a defendant, were not particularly strong. Among other things, the complaint alleged a violation of Due Process arising out of the fact that a state trial judge and district attorney did not allow the Plaintiff to speak on behalf of a criminal defendant who was on trial for causing the death of the Plaintiff's son while under the influence of drugs. Further, the Plaintiff wanted to speak in order to point out that the prosecutor himself had an admitted history of drug abuse. Whatever the merits of such claims, the rights these claims purported to evoke certainly do not find themselves at the core of those rights protected by the Due Process Clause, or any other provision of the Constitution. *Ball,* 2 F.3d at 759 ("it is entirely proper for the judge to consider the likely merits of the suit in deciding whether to dismiss it for failure to prosecute. If it appears that the suit is unmeritorious, the inference may arise that the lawyer's dilatory and evasive conduct is designed to force an unjust settlement by imposing cost and uncertainty on the defendant.")

In sum, I remain convinced that dismissal was an appropriate sanction. Accordingly, the motion to alter or amend the judgment is **DENIED**.

**SO ORDERED** this 26th day of April, 2016.

                                                /s William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court